By the Court:
The bill seems to proceed upon the hypothesis that the purchaser from the administrator, under the circumstances of this case, took the property as it would have descended to the heir, subject to the judgment lien. As it contains no allegation of a contract on the part of the purchaser to discharge the lien, none that a portion of the price of the land was left in his hands for that purpose, it can only be sustainable upon the general ground stated. It is unnecessary for us now to say whether this is or is not a correct position. Let it be conceded, and it seems to us that the inevitable consequences must be that the complainants are not entitled to the relief they seek for. The lien could have been enforced at law. By a scire facias against the heir and purchaser, sued in proper time, the lands could have been subjected to sale in satisfaction of the judgment. Whether the administrator’s sale, taken with the circumstances that attended it, operated to destroy the lien, was a question triable at law upon the scire facias. If it can not still bo tried in this manner, it must be in consequence of the negligence of the complainants to assert their rights. And it is a novel proposition that a court of equity may be rightly called upon to assert them. The lion, if it exist, is a legal lion. And an existing lion, created by a judgment at law, *may be enforced at law. If it once had existence and is lost, equity can not restone it. The reasons assigned in the bill why proceedings can not be had at law are not substantial. That the proper parties defendants, aro *487 absent makes no difference. The return of two sci. fas. nihil would be tantamount to a service. That the debtors, the administrator, and the administrator’s securities are all insolvent, can confer no new rights upon the complainants, either as to the lien itself, or the privilege of resorting to a court of equity to set it up or to enforce it. A court of chancery does not acquire jurisdiction merely because process at law can not be executed, nor does the fact of the insolvency of the parties of itself give it jurisdiction. Wo can perceive but a single question in this case. And it is — nave the complainants a lien upon the property named in the Dili to secure the payment of their debt? The lien claimed is not an equitable lien founded upon trust and originating in contract. It is a legal lien. Whether it exist or not is a purely legal question. If it exist, the law that gives it life is competent to effect its objects. Chancery, therefore, can not interfere. On this ground we dismiss the bill.